IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ZYRELL HORTON, #253522, ) | |
| alias, Darrell Matthews, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 3:18-CV-758-WKW |
| ) | |
| JUDGE RAY D. MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Zyrell Horton, an indigent state inmate currently serving a twenty-five year sentence for attempted murder imposed upon him in 2007 by the Circuit Court of Chambers County, Alabama. Horton filed this case on August 25, 2018.[1]

In the instant complaint, Horton advances claims related to his attempted murder conviction. Doc. 1 at 2-3.[2] Horton names Ray D. Martin, the judge who presided over

---

[1] The Clerk stamped the complaint "received" on August 27, 2018. Horton, however, executed the complaint on August 25, 2018, Doc. 1 at 4, and this is the earliest date he could have placed the complaint in the prison mail system. A pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Thus, the court considers August 25, 2018 as the date of filing.

[2] The entries on the case action summary sheet for Horton's attempted murder conviction maintained by the Alabama Trial Court System, hosted at www.alacourt.com, establish that Horton's arrest for this offense occurred on December 25, 2005. This document further establishes that Horton was convicted of attempted murder on March 1, 2007 and Judge Martin imposed sentence upon Horton on April 6, 2007.

his state criminal proceedings, Larry Clark, a detective for the Lanett Police Department, Matt Young, an officer of the Lanett Police Department, Susan K. Harmon, his trial attorney, Roland L. Sledge, his appellate counsel, E. Paul Jones, the District Attorney for Chambers County at the time of his trial, and the Lanett Police Department as defendants. Horton seeks monetary damages, vacation of the sentence imposed for his attempted murder conviction, a declaratory judgment and injunctive relief. Doc. 1 at 4; Doc. 9 at 1.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[3]

## II.  DISCUSSION

### A.  Claims Arising from Arrest – Statute of Limitations

Horton complains that his arrest for attempted murder on December 25, 2005 violated his constitutional rights as the district attorney provided false statements regarding the severity of the victim's injuries in obtaining an arrest warrant. Doc. 9 at 3. Horton also appears to challenge actions of officers Clark and Young in arresting him. Doc. 9 at 7–8.

---

The court takes judicial notice of this case action summary and the case action summaries of Horton's Rule 32 proceedings. *See Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

[3]This court granted Horton leave to proceed *in forma pauperis* in this cause of action. Doc. 3. A prisoner granted *in forma pauperis* status must have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Any claims related to Horton's arrest in December of 2005 are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The arrest about which Horton complains occurred on December 25, 2005. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Horton from application of the time bar.[4] The statute of limitations applicable to Horton's illegal arrest claim therefore began to run on December 26, 2005.[5] The limitations period ran uninterrupted until its expiration on December 26, 2007. Horton filed the instant complaint on August 25, 2018, many years after expiration of the applicable period of limitations.

---

[4]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action, not to exceed "20 years from the time the claim or right accrued." Ala.Code § 6-2-8(a). The state court records demonstrate that Horton was not legally insane at the time his cause of action accrued. These records also establish that Horton's birth year is 1971 and, therefore, he was not under the age of 19 at the time his claims accrued.

[5]In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed.R.Civ.P.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense. The court notes, however, that when a plaintiff proceeds *in forma pauperis* in a civil action it may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2 (citing *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1330, 1332 (D.C. Oregon 1983).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Horton has no legal basis on which to proceed with respect to those claims challenging his arrest on

4

December 25, 2005. As previously determined, the statutory tolling provision is unavailing. Consequently, the governing two-year period of limitations expired over ten years prior to Horton filing the instant complaint. In light of the foregoing, the court concludes that the claims related to Horton's arrest are barred by the applicable statute of limitations and therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### B. *Miranda*[6]

Horton asserts that Detective Clark, a member of the Lanett Police Department, did not advise him of his *Miranda* rights at the time of his arrest. Doc. 1 at 3; Doc. 9 at 4. This claim provides no basis for relief as "a claim for a *Miranda* violation is not cognizable under § 1983. *Jones v. Horton*, 174 F.3d 1271, 1290–91 (11th Cir. 1999)." *Dollar v. Coweta County Sheriff's Office*, 446 F. App'x 248, 251–52 (11th Cir. 2011); *Wright v. Dodd*, 438 F. App'x. 805, 807 (11th Cir. 2011) (same). Consequently, the claim alleging a *Miranda* violation is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Perjury

Horton alleges that the State's witnesses provided "perjurious testimony . . . as to severity of the victim['s] wounds" at his trial for attempted murder. Doc. 9 at 2. This

---

[6]*Miranda v. Arizona*, 384 U.S. 436 (1966).

claim likewise provides no basis for relief as 42 U.S.C. § 1983 does not authorize the assertion of a damages claim for alleged acts of perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 334-336, 103 S.Ct. 1108, 1115-1116, 75 L.Ed.2d 96 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings); *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987). Horton's perjury claim is "based on an indisputably meritless legal theory" and is therefore subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327. Any claim for declaratory or injunctive relief with respect to perjured testimony is barred from review by the doctrine set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994). *See infra* at 13–16.

### D. Judge Ray D. Martin

Horton alleges that Judge Martin violated his constitutional rights during the criminal proceedings which resulted in his conviction for attempted murder on March 1, 2007. Doc. 1 at 2–3. Specifically, Horton alleges Judge Martin allowed a "malicious prosecution to take place" despite testimony by Detective Clark that he "never Mirandized" Horton at the time of his arrest for attempted murder. Doc. 1 at 3. Horton also alleges that Judge Martin subjected him to "cruel and unusual punishment[,] . . . [and] false imprisonment" in permitting his conviction for attempted murder. Doc. 1 at 3. Next, Horton asserts Judge Martin deprived him of "life, liberty and property without due process of law a 14th Amendment right." Doc. 9 at 1. Finally, Horton maintains that the

actions of Judge Martin constituted "a violation of A.R.C.P. Canon of Judicial Ethics[.]" Doc. 9 at 1.  The claims lodged against Judge Martin entitle Horton to no relief.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted).  "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same).  "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted).  "This immunity applies to proceedings [brought] under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

All of the allegations made by Horton against Judge Martin arise from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  Judge Martin is therefore absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial

capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority). Consequently, Horton's claims against Judge Martin for alleged violations of his constitutional rights with respect to actions taken during the state criminal proceedings are "based on an indisputably meritless legal theory" and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### E. District Attorney E. Paul Jones – Criminal Prosecution

Horton complains District Attorney Paul E. Jones subjected him to malicious prosecution and failed to properly investigate the case to discover "the essential validity of pertinent evidence" regarding Horton's alias when seeking issuance of an indictment. Doc. 9 at 3. Horton also alleges that Jones violated his due process and equal protection rights during the criminal proceedings which resulted in his conviction for attempted murder thereby causing his false imprisonment and the imposition of cruel and unusual punishment. Doc. 1 at 3–4; Doc. 9 at 9. Horton next contends that Jones "with blatant malice . . . and without probable cause . . . did obtain, by derivative evidence, in violation of every essential judicial phase . . . [and] those inalienable rights, secured by the Constitution" his conviction for attempted murder. Doc. 9 at 4. In addition, Horton

alleges that the actions of the District Attorney violated the State's rules of ethics for attorneys.

The law is well settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Horton*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor "for their conduct in "initiating a prosecution and in presenting the State's case . . . [when] that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

To the extent Horton seeks relief from the District Attorney for actions undertaken in procurement of an indictment by a grand jury and during Horton's attempted murder trial, it is clear that these actions occurred while defendant Jones engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which he is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Horton's claims against District Attorney Jones with respect to actions taken during the initiation of an indictment and prosecution of the attempted murder charge are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). In addition, Horton is entitled to no declaratory or injunctive relief against defendant Jones for any alleged adverse action related to the conviction and sentence imposed upon him by the Circuit Court of Chambers County, Alabama. *See infra* at 13–16.

### F.  Attorneys Susan K. Harmon and Roland L. Sledge

Horton names Susan K. Harmon, his trial attorney, and Roland L. Sledge, his appellate counsel, as defendants. Horton complains that Harmon and Sledge deprived him of effective assistance of counsel as guaranteed by the Sixth Amendment because they failed to properly object or challenge the perceived violation of his *Miranda* rights by defendant Clark. Doc. 9 at 4–6. He also complains that Harmon and Sledge "were aware that several constitutional violations occurred and [they] failed to object or address any of the issues pertinent to the case, abandoning [their] client in the essential judicial process, and proceedings." Doc. 9 at 6. Additionally, Horton maintains that the actions

of counsel violated state ethical rules. In accordance with applicable federal law, Horton is entitled to no relief on these claims under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

The law is clearly established that an attorney who represents an individual in state court proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also, Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since the representation by counsel about which Horton complains was not committed by persons acting under color of state

11

law, the § 1983 claims presented against defendants Harmon and Sledge lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### G. The Lanett Police Department

Although Horton names the Lanett Police Department as a defendant, this department is not a legal entity subject to suit or liability. *See Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."). *Clay-Brown v. City of Decatur*, 2013 WL 832315, *2 (N.D. Ala. Feb. 28, 2013 ("Under Alabama law, only a municipality itself has the capacity to sue and be sued, as opposed to agencies, departments or divisions of the municipality."). Thus, the claims presented against the Lanett Police Department are subject to dismissal as this defendant is not a suable entity. *Howard v. City of Demopolis*, 984 F. Supp.2d 1245, 1253 (S.D. Ala. 2013) (noting previous determination "that police departments are not a proper legal entity capable of being sued."); *Manning v. Mason*, 2011 WL 1832539, *3 (M.D. Ala. May 13, 2011) (citations omitted) (finding "that a law enforcement department is not a legal entity capable of being sued. Accordingly, as it is not subject to suit, Plaintiffs' claims against [the] Enterprise Police Department are due to be dismissed with prejudice."); *Blunt v. Tomlinson*, 2009 WL 921093, *4 (S.D. Ala. Apr. 1, 2009) ("In Alabama, a city's police department is not a suable entity or a proper party under state law or for § 1983

purposes."); *Johnson v. Andalusia Police Dept.*, 633 F. Supp.2d 1289, 1301 (M.D. Ala. 2009) (finding that Plaintiff's "claims against the Andalusia Police Department must fail because police departments are generally not considered legal entities subject to suit."). Moreover, as previously determined, any actions undertaken by defendants Clark and Young while acting as officers of the Lanett Police Department in their preliminary investigation of the attempted murder and subsequent arrest of Horton are barred by the applicable two-year period of limitations. *See supra* at 3–5.

### H. The Challenge to Plaintiff's Conviction and Sentence

Insofar as Horton presents claims which go to the fundamental legality of his attempted murder conviction and the resulting sentence on which he is now incarcerated, he is entitled to no relief on these claims. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule

of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. Although Horton maintains he is not challenging his conviction or sentence, Doc. 9 at 9, "[i]t is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

The law is well settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the basis for his incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his

incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649; *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) ("[I]n *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248.").

Under the circumstances of this case, *Heck* and its progeny bar Horton's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his conviction and sentence. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Horton that go to the fundamental legality of his conviction and sentence for attempted

murder are not cognizable in this cause of action at this time and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. Supplemental Jurisdiction

To the extent Horton seeks relief from this court on pendent state claims regarding alleged violations of state ethical canons, he is entitled to no relief. Review of any pendent claim arising under state canons of ethics is only appropriate upon exercise of this court's supplemental jurisdiction. In the posture of this case, however, the court concludes that exercise of supplemental jurisdiction over Horton's referenced state claims is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443-47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

Since the federal claims presented by Horton provide no basis for relief in the instant cause of action, the court concludes that the pendent state claims are due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982). The court therefore declines to exercise supplemental jurisdiction over the state claims alleging ethical violations by defendants Martin, Jones, Harmon and Sledge and makes no determination with respect to the merits of these claims.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims challenging actions which resulted in his arrest on December 25, 2005 be dismissed with prejudice as untimely pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)

2. The plaintiff's *Miranda* and perjury claims be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

3. The plaintiff's claims against Judge Ray D. Martin, District Attorney E. Paul Jones, Susan K. Harmon and Roland L. Sledge seeking relief for actions which occurred during state criminal proceedings before the Circuit Court of Chambers County, Alabama be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

4. The plaintiff's claims against Larry Clark, Matt Young and the Lanett Police Department be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

5. The plaintiff's claims which go to the validity of his attempted murder conviction and resulting sentence imposed upon him by the Circuit Court of Chambers County, Alabama be dismissed without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court in the instant cause of action.

6. The plaintiff's pendent state ethical claims be dismissed without prejudice to any rights the plaintiff may have to seek relief on these claims before the appropriate state tribunal.

7. This case be summarily dismissed.

The plaintiff may file objections to the instant Recommendation on or before **October 17, 2018**. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation. The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 3rd day of October, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE