IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ZYRELL HORTON, #253522, <br> a.k.a. Darrell Matthews, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | CASE NO. 3:18-CV-758-WKW <br> [WO] |
| RAY D. MARTIN; LARRY <br> CLARK; SUSAN K. HARMON; <br> E. PAUL JONES; ROLAND L. <br> SLEDGE; LANETT POLICE <br> DEPARTMENT; and MATT <br> YOUNG, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Zyrell Horton is an indigent state inmate serving twenty-five years

for attempted murder. Horton was arrested for that crime in 2005 and convicted in

the Circuit Court of Chambers County, Alabama, in 2007. In August 2018, Horton

filed this 42 U.S.C. § 1983 action challenging various acts and omissions related to

his arrest and conviction. (Docs. # 1, 9.) He names these defendants: Ray D. Martin,

the circuit judge who presided over his state court proceedings; Larry Clark, a

detective for the Lanett Police Department; Matt Young, an officer of the Lanett

Police Department; Susan K. Harmon, his trial attorney; Roland L. Sledge, his

appellate counsel; E. Paul Jones, the Chambers County District Attorney at the time

of his trial; and the Lanett Police Department.  (Docs. # 1, 9.)

The Recommendation of the Magistrate Judge concludes that Horton's claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B).  (Doc. # 11.)  Horton objected to that Recommendation.  (Doc. # 14.)  The court has reviewed *de novo* the portions of the Recommendation to which Horton objected.  28 U.S.C. § 636(b).

The Recommendation is due to be adopted.  Horton's claims about his 2005 arrest are barred by the statute of limitations.  *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  A violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), does not lead to a cause of action under § 1983.  *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999).  A witness cannot be sued under § 1983 based on his or her testimony at trial, even if the witness commits perjury.  *Rehberg v. Paulk*, 611 F.3d 828, 839 (11th Cir. 2010).  Judge Martin is immune from suit because he acted in his judicial capacity and did not act "in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  District Attorney Jones is immune from suit for any actions he took as an advocate for the government.  *Jones*, 174 F.3d at 1281; *see Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009).  Horton cannot sue his attorneys under § 1983 because they did not act under color of law.  *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).  Horton's claims against the Lanett Police Department fail because "police departments are generally not considered legal entities subject to suit."  *Johnson v. Andalusia Police Dep't*, 633 F. Supp. 2d 1289, 1301 (M.D. Ala.

2009); *see Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010). Horton cannot challenge the validity of his conviction and sentence under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). And because each of Horton's federal claims is due to be dismissed, the court will not exercise supplemental jurisdiction over his state claims. 28 U.S.C. § 1367(c)(3); *Estate of Owens v. GEO Grp.*, 660 F. App'x 763, 775–77 (11th Cir. 2016).

It is therefore ORDERED that:

1. Horton's objections (Doc. # 14) are OVERRULED.

2. The Recommendation of the Magistrate Judge (Doc. # 11) is ADOPTED.

3. Horton's claims challenging actions that resulted in his arrest on December 25, 2005, are DISMISSED with prejudice as untimely under 28 U.S.C. § 1915(e)(2)(B)(i).

4. Horton's *Miranda* and perjury claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

5. Horton's claims against Ray D. Martin, E. Paul Jones, Susan K. Harmon, and Roland L. Sledge seeking relief for actions that occurred during state criminal proceedings before the Circuit Court of Chambers County, Alabama, are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

6. Horton's claims against Larry Clark, Matt Young, and the Lanett Police Department are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

7. Horton's claims which go to the validity of his attempted murder conviction and the resulting sentence imposed upon him by the Circuit Court of Chambers County, Alabama, are DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court.

8. Horton's pendent state ethical claims are DISMISSED without prejudice to any rights he may have to seek relief on these claims before the appropriate state tribunal.

A separate Final Judgment will be entered.

DONE this 4th day of December, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE